UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES MARSHALL HOPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-154-PLR-HBG |
| | ) | |
| | ) | |
| ERIC LOGSDON, ROBERT MENROW, | ) | |
| JEFF SHARPE, OFFICER SHIPLEY, | ) | |
| MIKE BUTCHER, EARL LOY JR., | ) | |
| MAYNARDVILLE CITY, AND | ) | |
| UNION COUNTY POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the Report and Recommendation filed by United States Magistrate Judge, H. Bruce Guyton [R. 3]. There have been no timely objections to the Report and Recommendation, and enough time has passed since the filing of the Report and Recommendation to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

After a careful review of this matter, the Court is in complete agreement with the Magistrate Judge's conclusion that the plaintiff, James Marshall Hopper, is indigent, and that his motion for leave to file *in forma pauperis* be granted. Accordingly, it is **ORDERED,** for the reasons stated in the Report and Recommendation, which the Court adopts and incorporates into

its ruling, that plaintiff James Marshall Hopper's motion for leave to file *in forma pauperis* [Doc. 2] is hereby **GRANTED**.

Magistrate Judge Guyton also found that plaintiff had stated a legally cognizable claim against defendants under the Constitution or under 42 U.S.C. § 1983. Plaintiff, however, did not include the date of the alleged incident in his statement of the claim. Magistrate Judge Guyton recommended that the record be left open for sixty (60) days for plaintiff to file an amended complaint. Plaintiff filed his Amended Complaint on June 18, 2015 [R. 5]. In his Amended Complaint, plaintiff states that the incident with the defendant officers occurred on April 20, 2014. Plaintiff has attached an Incident Report from the Union County Sheriff's Office to his Amended Complaint documenting a domestic violence incident at plaintiff's residence on April 20, 2014. Plaintiff's original complaint was filed with the court on April 10, 2015, within the one-year statute of limitations contained in Tenn. Code Ann. § 28-3-104. Accordingly, the court finds that plaintiff's complaint is timely under the statute and he may proceed with his claim.

**IT IS SO ORDERED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**